UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND DENISE HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-01194-AGF |
| | ) |
| University of Missouri (UM), | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Pro Se Plaintiff's motion to seal case (Doc. No. 2) and motion for issuance of waiver of service (Doc. No. 5). For the reasons set forth below, the Court will reserve ruling on Plaintiff's motion to seal case and deny Plaintiff's motion for issuance of waiver of service.

## BACKGROUND

Plaintiff Rosalind Denise Harris filed this action pro se, without the assistance of counsel.[1] She filed a form complaint against Defendant University of Missouri. In her complaint, Plaintiff asserts that the Court has subject matter jurisdiction under 42 U.S.C. § 1983 for "deprivation of civil rights" and 31 U.S.C. § 3729(a), which is a provision of the False Claims Act (FCA) that "imposes civil liability on any person who presents false

---

[1] Although Plaintiff is representing herself without the assistance of counsel, she is not excused from complying with the Federal Rules of Civil Procedure, Local Rules, and the Court's orders. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996); *see Faretta v. California*, 422 U.S. 806, 934-35 n.46 (1975) (pro se litigant must comply with relevant rules of procedure).

or fraudulent claims for payment to the Federal Government." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 423 (2023).  Plaintiff claims that the University of Missouri improperly categorized her thesis, which Plaintiff claims caused "intellectual segregation," emotional distress, and other injuries.  Plaintiff's form complaint states the following facts in support of her claim:

> I am a program beneficiary of UM because I wrote a thesis in 2004.  It is held in the library archives at UM St. Louis (UMSL).  Exhibits will show my efforts in graduate school were a source of mockery.  I wrote UM a letter in 2020 because I wanted to levy a complaint based on intellectual segregation over how my thesis is catalogued.  I was told to contact UMSL.  UMSL told me what I was complaining about was my problem.  I also complained to the Missouri Attorney General's (MO AG) Consumer Protection Division, US Dept. of Ed's. Office of Civil Rights (OCR) and Family Policy Compliance Office.
>
> Mediation in 2021 via MO AG got me a letter from UM Counsel Katharine S. Bunn where she wrote on March 26, "Prior to going electronic in 2005, the University did not allow color pictures or graphs in a thesis or any supplemental materials."  This letter was the first time I was told this.  My thesis contains 3 graphs.  Correction of a description about a graph was a point of contention with my thesis advisor Dr. Richard Pacelle in the final stages of writing the paper.
>
> I contend that Attorney Bunn's statement of this failure by UM to alert me to this information relegated me to suffer the treachery of poverty, the isolation of intellectual obscurity, and the emotional duress and distress of having gone through the process of graduate school to no professional avail.  My thesis is a success, but because of how I was treated in school, I'm not.  UM negated the school's founding purpose.

Doc. No. 1 at 5.  With respect to relief, Plaintiff requests $20 million dollar and "the details from my August 2020 letter to Chancellor Sobolik fulfilled."  Plaintiff also states,

> I want to add that I want a copy for each library in the UM system with color pictures and an epilogue.  I want a copy on Conneiseur paper bound and presented to the Library of Congress.

2

> I claim $10 million in nominal damages for career loss. And punitive damages of $10 million, my paper was miscatalogued plaguing me with suspicion, I had to reprove my work (and unstandard [sic] academic practice), I have endured unnecessary duress both in school and since because of my excellence.

*Id.* at 5-6.

## DISCUSSION

*Qui Tam* Allegations

Plaintiff's complaint identifies this action as a *qui tam* matter. A *qui tam* matter proceeding is a civil action brought by a private individual, known as a relator, in the name of the government against a party that is allegedly perpetrating fraud against the government. *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 769 (2000). If the suit is successful, the relator is allowed to share in the recovery. *Id.* at 769-70.

*Qui tam* actions brought on behalf of the United States are normally filed under False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq*. To proceed under the FCA, a relator files a complaint in the United States District Court, which is filed under seal and in camera. 31 U.S.C. § 3730(b)(2). The complaint is kept confidential, including to the defendant. The relator must also serve a copy of the complaint as well as a written disclosure statement on the United States. 31 U.S.C. §§ 3730(b)(2) and (4). The United States then investigates the relator's allegations and decides whether to intervene in the lawsuit and assume primary responsibility for the litigation. *Id*. The United States may also dismiss the cause of action notwithstanding the relator's objections. 31 U.S.C. § 3730(c)(2)(A).

3

The Court has carefully reviewed Plaintiff's Complaint, and afforded Plaintiff liberal construction due to her pro se status,[2] and has determined that this matter is not a *qui tam* action. Plaintiff is not bringing this claim on behalf of the United States, nor is there any claim that Defendant has perpetrated fraud against United States. Rather, Plaintiff alleges that she alone was injured by Defendant's treatment and categorization of her thesis. In other words, she is bringing a claim on her own behalf, not on behalf of the government.

In any event, Plaintiff cannot proceed in a *qui tam* action because she is proceeding pro se. *See Kelly v. Hous. Auth. of City of Omaha*, No. 8:12cv79, 2012 WL 2871750, at *2 (D. Neb. July 12, 2012) ("The law in the Eighth Circuit is clear that a pro se plaintiff may not prosecute a *qui tam* action on behalf of the United States) (citing *United States v. Onan*, 190 F.2d 1, 6-7 (8th Cir. 1951)). Self-represented litigants are not authorized to bring a cause of action on behalf of others in federal court. *See* 28 U.S.C § 1654. Because the United States is a real party in interest in a *qui tam* action a realtor may not litigate the case on behalf of the Government *pro se*. *See Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008); *see Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007).

---

[2] The Court construes pro se complaints liberally, *see Estelle v. Gamble*, 429 U.S. 97,106 (1976), but a plaintiff "still must alleged sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court "'will not supply additional facts, nor will [the Court] construct a legal theory for plaintiff that assumes facts that have not been pleaded.'" *Id*. (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

4

<u>§ 1983 Claim</u>

Plaintiff also asserts 42 U.S.C. § 1983 as a basis for subject matter jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule' which provides that federal jurisdiction exists only when the federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) ("Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."). Although Plaintiff has listed 42 U.S.C. § 1983 as a basis for jurisdiction in her Complaint, "[a] court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005) (citing *Hagans v. Lavine*, 415 U.S. 528, 537-38 (1974)). If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate. *Biscanin*, 407 F.3d at 907.

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Even construing Plaintiff's complaint liberally, Plaintiff has not alleged that Defendant was acting under color of state law, nor has she identified any constitutionally protected federal right that was violated. As such, the Court finds that

Plaintiff's asserted basis for jurisdiction is patently meritless. Plaintiff has also not alleged diversity of citizenship, such that subject-matter jurisdiction would be appropriate. Accordingly, the Court finds that Plaintiff's complaint fails to properly assert subject matter jurisdiction. The Court will allow Plaintiff 30 days to file an amended complaint that adequately pleads subject-matter jurisdiction, either through a plausible federal question claim under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.

Motion to Issue Waiver of Service

Plaintiff has also filed a motion requesting that the Court issue a waiver of service to Defendant on her behalf. Plaintiffs who are unable to pay the necessary filing and Court fees may seek to proceed in forma pauperis under 28 U.S.C. § 1915. If such plaintiff is granted permission by the Court to procced in forma pauperis, the Court will issue and serve all process on defendants. *See* 28 U.S.C. § 1915(d). However, because Plaintiff paid her filing fee, and is not proceeding in this matter in forma pauperis, the Court is not required to issue and serve process on her behalf, through waiver or otherwise. Plaintiff's motion for the issuance of waivers of service is denied accordingly. Pro Se plaintiffs are not excused for complying with the Federal Rules of Civil Procedure. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). As such, to the extent Plaintiff files an amended complaint that sufficiently confers subject matter jurisdiction, she is responsible for serving all defendants in accordance with Fed. R. Civ. P. 4(m) within the prescribed time period.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have **30 days** to amend her complaint to state a viable cause of action for which this Court has proper subject-matter jurisdiction. To the extent Plaintiff wishes to re-assert a *qui tam* action under the False Claims Act, she must obtain the services of a licensed attorney and have the attorney file an appearance in this matter and file an amended complaint on her behalf. Failure to comply with this Order will result in dismissal of this matter without further notice.

**IT IS FURTHER ORDERED** that the Court will **RESERVE RULING** on the motion to seal in light of Plaintiff's leave to amend her complaint. Doc. No. 2.

**IT IS FURTHER ORDERED** that Plaintiff's motion for issuance of waiver of service is **DENIED**. Doc. No. 5.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of December, 2023.