UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND DENISE HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-01194-AGF |
| | ) |
| UNIVERSITY OF MISSOURI (UM), | ) |
| | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant University of Missouri's motion to dismiss.  Doc. No. 15.  Pro Se Plaintiff Denise Harris alleges numerous claims related to the Defendant's categorization and treatment of her thesis, including malicious trespass under Mo. Rev. Stat. § 537.330; violations of Art. I, § 8 of the Missouri and U.S. Constitutions; copyright infringement under 17 U.S.C. § 106(4)-(5); and unspecified civil rights violations.  Defendant University of Missouri (the "University") seeks dismissal of Plaintiff's complaint due to lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); and insufficient process pursuant to Fed. R. Civ. P. 12(b)(4).  For the reasons set forth below, Defendant's motion will be granted.

## BACKGROUND

**Initial Complaint**

Pro Se Plaintiff Rosalind Harris initially filed this case as a *Qui Tam* action. Doc. No. 1. In her initial complaint, Plaintiff asserted that the Court had subject matter jurisdiction under 42 U.S.C. § 1983 for "deprivation of civil rights" and 31 U.S.C. § 3729(a), which is a provision of the False Claims Act (FCA) that "imposes civil liability on any person who presents false or fraudulent claims for payment to the Federal Government." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 423 (2023). Plaintiff claimed that the University of Missouri improperly categorized her thesis, which Plaintiff claimed caused "intellectual segregation," emotional distress, and other injuries. Plaintiff's form complaint stated the following facts in support of her claim:

> I am a program beneficiary of UM because I wrote a thesis in 2004. It is held in the library archives at UM St. Louis (UMSL). Exhibits will show my efforts in graduate school were a source of mockery. I wrote UM a letter in 2020 because I wanted to levy a complaint based on intellectual segregation over how my thesis is catalogued. I was told to contact UMSL. UMSL told me what I was complaining about was my problem. I also complained to the Missouri Attorney General's (MO AG) Consumer Protection Division, US Dept. of Ed's. Office of Civil Rights (OCR) and Family Policy Compliance Office.
>
> Mediation in 2021 via MO AG got me a letter from UM Counsel Katharine S. Bunn where she wrote on March 26, "Prior to going electronic in 2005, the University did not allow color pictures or graphs in a thesis or any supplemental materials." This letter was the first time I was told this. My thesis contains 3 graphs. Correction of a description about a graph was a point of contention with my thesis advisor Dr. Richard Pacelle in the final stages of writing the paper.

> I contend that Attorney Bunn's statement of this failure by UM to alert me to this information relegated me to suffer the treachery of poverty, the isolation of intellectual obscurity, and the emotional duress and distress of having gone through the process of graduate school to no professional avail. My thesis is a success, but because of how I was treated in school, I'm not. UM negated the school's founding purpose.

Doc. No. 1 at 5.  With respect to relief, Plaintiff requests $20 million and "the details from my August 2020 letter to Chancellor Sobolik fulfilled."  Plaintiff also states,

> I want to add that I want a copy for each library in the UM system with color pictures and an epilogue.  I want a copy on Conneiseur paper bound and presented to the Library of Congress.
>
> I claim $10 million in nominal damages for career loss.  And punitive damages of $10 million, my paper was miscatalogued plaguing me with suspicion, I had to reprove my work (and unstandard [sic] academic practice), I have endured unnecessary duress both in school and since because of my excellence.

*Id.* at 5-6.

As discussed in the Court's December 29, 2023 Order, plaintiffs are not permitted to proceed pro se in *Qui Tam* actions.  Doc. No. 6.  Accordingly, the Court ordered that Plaintiff must obtain counsel in order to proceed in a *Qui Tam* action, or shall otherwise amend her complaint to assert individual claims against Defendant.

**First Amended Complaint**

On January 18, 2024, Plaintiff filed her First Amended Complaint.  Doc. No. 7. The First Amended Complaint alleged a violation under a Missouri state statute, Mo. Rev. Stat. § 537.330, Malicious Trespass, but did not assert any federal claims.  Plaintiff vaguely referenced that her civil rights have been violated, but did not include any further allegations to establish federal question jurisdiction.  Plaintiff also did not allege any facts

related to the parties' citizenship to support diversity jurisdiction. Accordingly, on January 22, 2024, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.[1] Doc. No. 9.

**Second Amended Complaint**

On February 4, 2024, Plaintiff filed her Second Amended Complaint. Doc. No. 11. The Second Amended Complaint appeared to be Plaintiff's response to the January 22nd Show Cause Order.[2] The Second Amended Complaint alleges that (1) Plaintiff's "civil rights are being violated by the system;" (2) Defendant's treatment and categorization of her thesis was a malicious trespass of her chattels under Mo. Rev. Stat. § 527.330; and (3) Defendant's treatment and categorization of her thesis was a violation of federal copyright laws under 17 U.S.C. § 106(4)-(5) and Art. I, § 8 of the United States and Missouri Constitutions. *Id.* Plaintiff seeks $20 million in compensatory and punitive damages, as well as injunctive relief.

Construing Plaintiff's Second Amended Complaint liberally, the Court found there was plausible federal question jurisdiction because Plaintiff appeared to claim that Defendant's categorization and/or handling of Plaintiff's thesis was a violation of federal copyright laws under 17 U.S.C. § 106(4)-(5), and the United States Constitution Article I,

---

[1] The case was also unsealed and recategorized as an individual lawsuit because Plaintiff did not obtain the counsel necessary to proceed with a *Qui Tam* action and her amended complaint removed all *Qui Tam* allegations. Doc. No. 9.

[2] Given that at the time of Plaintiff's Second Amended Complaint, Defendant had not yet been served with the First Amended Complaint, the Court permitted the filing of Plaintiff's Second Amended Complaint.

§ 8.  *See* Doc. No. 12.  On February 13, 2024, Defendant filed the instant motion to dismiss.  Doc. No. 15.

## ARGUMENT OF PARTIES

Defendant moves to dismiss Plaintiff's Second Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); and insufficient process pursuant to Fed. R. Civ. P. 12(b)(4).  More specifically, Defendant argues that there is no subject matter jurisdiction and Plaintiff's claims must be dismissed because the University, as an instrumentality of the State of Missouri, is immune from federal suit under the Eleventh Amendment.

Defendant further argues that even if the Court did have jurisdiction, Plaintiff has failed to allege sufficient facts that would give rise to any cognizable claim.  Defendant also notes that it was personally served with the Initial Complaint on January 23, 2024, but has yet to be properly served with the First Amended Complaint or the Second Amended Complaint.  Nevertheless, on February 13, 2024, Defendant entered its appearance and filed the instant motion to dismiss.  Defendant notes that because an amended complaint supersedes an original complaint and renders the original complaint without legal effect, Defendant is responding to Plaintiff's Second Amended Complaint and treating her Initial Complaint and First Amended Complaint as nonoperative in order to avoid a moot motion to dismiss.

Plaintiff did not file a timely opposition.  On March 8, 2024, the Court ordered Plaintiff to show cause as to why this case should not be dismissed.  Doc. No. 18. Plaintiff filed her response on March 21, 2024.  Doc. No. 19.  In response, Plaintiff

5

argues that the Court does have jurisdiction pursuant to 18 U.S.C. § 3231, because she has alleged that the offenses committed against her work are offenses against the laws of the United States. She does not specifically address Defendant's arguments with respect to Eleventh Amendment immunity. Plaintiff also argues that the allegations in her previous complaints properly stated a cause of action and should be considered under Fed. R. Civ. P. 15(c)(1)(B). Lastly, Plaintiff argues that her time to serve the Second Amended Complaint has not yet expired because she has 90 days from the date of the most recent summons, which was issued on February 20, 2024.[3]

## DISCUSSION

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. The Court must construe pro se complaints liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but plaintiff "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court "'will not supply additional facts, nor will [the Court] construct a legal theory for plaintiff that assumes facts that have not been pleaded.'" *Id.* (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). Further, even though Plaintiff is representing herself without the assistance of counsel, she is not excused from complying with the Federal Rules of Civil Procedure, Local Rules, and the Court's orders. *See Ackra Direct Mktg. Corp. v.*

---

[3] On April 10, 2024, Plaintiff filed a second untimely opposition without leave of Court. Doc. No. 21. Even if the Court were to consider the arguments raised in Plaintiff's second opposition, including Plaintiff's argument that Defendant waived its immunity when "Missouri entered the union in 1875" and "consented to the plan for America in writing" which included copyright protections, Plaintiff's arguments are without merit and do not change the Court's analysis.

*Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996); *Faretta v. California*, 422 U.S. 806, 834-35 n.46 (1975) (pro se litigant must comply with relevant rules of procedure).

**Operative Complaint**

Plaintiff argues that the allegations in her amended complaints merely supplement the allegations in her original complaint, and all three complaints should be considered together. But, "[i]t is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Thus, Plaintiff's Second Amended Complaint supersedes her prior complaints and is the operative complaint before the Court.

Plaintiff's reliance on Fed. R. Civ. P. 15(c)(1)(B) is misplaced. Rule 15(c)(1)(B) states that an amendment to a pleading relates back to the *date* of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). This rule concerns the timing of complaint, often for statute of limitation purposes, which is not an issue in this case.

Even if the Court were to consider all of Plaintiff's complaints on this motion to dismiss, they all fail, whether considered separately or in conjunction, because, as discussed below, Defendant is entitled to Eleventh Amendment immunity.

**Eleventh Amendment Immunity**

The Eleventh Amendment limits the power of federal courts to hear lawsuits brought "against a state or state agency, regardless of the nature of the relief sought, unless Congress has abrogated the states' immunity or a state has consented to suit or

7

waived its immunity." *Rodgers v. Univ. of Missouri Bd. of Curators*, 56 F. Supp. 3d 1037, 1049 (E.D. Mo. 2014) (internal quotations and citations omitted); *see also Smith v. Curators of Univ. of Missouri*, No. 17-4016-CV-C-WJE, 2017 WL 11492763, at *3 (W.D. Mo. Dec. 20, 2017) ("Sovereign immunity is a jurisdictional, threshold matter that is properly addressed under Rule 12(b)(1).") (citing *Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014)) (additional citation omitted).

"There are three exceptions to Eleventh Amendment immunity: (1) where the state waives immunity by consenting to suit in federal court; (2) where Congress abrogates the state's immunity through valid exercise of its powers; and (3) under *Ex parte Young*, 209 U.S. 123 (1908), where the plaintiff files suit against state officials seeking prospective equitable relief for ongoing violations of federal law." *Swatzell v. Bd. of Regents*, No. 1:16-CV-00262, 2017 WL 3116150, at *2 (E.D. Mo. July 21, 2017) (citing *Keselyak v. Curators of the Univ. of Mo.*, 200 F. Supp. 3d 849, 854 (W.D. Mo. 2016)).

The Eleventh Amendment prohibits suits in federal court by citizens against his or her own state. *Hans v. Louisiana*, 134 U.S. 1 (1890). Eleventh Amendment immunity applies to all suits against a state or state instrumentalities, whether in law or in equity, for damages or for any other relief. *See Cory v. White*, 457 U.S. 85 (1982); *see also Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (holding that the Eleventh Amendment bars suits against a state university "for any kind of relief, not merely money damages."). State universities and colleges almost always enjoy Eleventh Amendment immunity. *See Hadley v. N. Arkansas Cmty Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). In *Sherman v. Curators of University of Missouri*, the Eighth Circuit set

8

out a framework for courts to determine whether a university actually enjoys Eleventh Amendment protection. 16 F.3d 860, 863 (8th Cir. 1994). The Eighth Circuit explained that a court must examine the amount of the university's local autonomy and control, and most importantly, whether any judgment rendered against the university would ultimately be paid out of state funds. *Id.*

In applying this framework, Courts in this circuit have consistently held that the University of Missouri is an arm of the state and afforded Eleventh Amendment immunity. *See Sherman v. Curators of the Univ. of Missouri*, 871 F. Supp. 344 (W.D. Mo. 1994) (holding that the University of Missouri is an instrumentality of the State and entitled to Eleventh Amendment immunity), *cited with approval in Scherer v. Curators of the Univ. of Missouri*, 49 F. App'x 658, 658-9 (8th Cir. 2002) (per curiam); *Ormerod v. Curators of Univ. of Missouri*, 97 F. App'x 71, 72 (8th Cir. 2005) (per curiam) (affirming Eleventh Amendment immunity for University of Missouri); *Phillips v. Univ. of Missouri*, No. 2:23-CV-00365-MDH, 2023 WL 8037921, at *3 (W.D. Mo. Nov. 20, 2023) (holding that the University of Missouri is entitled to Eleventh Amendment immunity because the Court "previously held that the University is an arm of the state and afforded the protection of the Eleventh Amendment"); *Bakhtiari v. Curators of Univ. of Missouri*, *P.C.*, No. 4:06-CV-01489 CEJ, 2007 WL 2080425, at *2 (E.D. Mo. July 16, 2007) (holding that "the University of Missouri remains entitled to immunity under the Eleventh Amendment"); *Bakhtiari v. Lutz*, No. 4:04-CV-01071 AGF, 2006 WL 2664383, at *11 (E.D. Mo. Sept. 15, 2006); *Swatzell*, 2017 WL 3116150, at *2-3.

Here, Plaintiff has not shown any change in the University's circumstances such

9

that Eleventh Amendment immunity would now be improper.  *See Ormerod*, 97 F. App'x at 72 (affirming district court's holding that because "previous decisions had established that the University of Missouri-Columbia was entitled to Eleventh Amendment immunity . . . it was unnecessary to evaluate whether the university was still entitled to immunity because [the plaintiff] had not shown any change in the university's circumstances."). Nor do any of the exceptions to Eleventh Amendment immunity apply.  First, Defendant has not waived its immunity by consenting to suit in federal court.  Second, Congress has not validly abrogated the University's immunity for any of Plaintiff's various claims.  *See Allen v. Cooper*, 589 U.S. 248 (2020) (holding that Congress is not authorized to abrogate states' Eleventh Amendment immunity from copyright infringement suits); *see also Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (explaining that Eleventh Amendment immunity bars § 1983 claims brought against states).  Third, the *Ex parte Young* doctrine does not apply here because Plaintiff has not sued a state employee acting in his or her official capacity for prospective relief.  *See Calzone v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017); *Keselyak*, 200 F. Supp. 3d at 856.

Accordingly, the Court finds that Plaintiff's claims against Defendant are barred by Eleventh Amendment immunity and the Court lacks subject matter jurisdiction to hear these claims.[4]  *See Keselyak*, 200 F. Supp. at 854-55 ("Plaintiff's claims are barred by Eleventh Amendment immunity such that the Court lacks subject matter jurisdiction.");

---

4   Because the Court does not have subject matter jurisdiction, it need not address whether Plaintiff has properly stated a claim for relief under Fed. R. Civ. P. 12(b)(6) or whether service was properly effectuated under Fed. R. Civ. P. 12(b)(4).

*see also Smith*, 2017 WL 11492763, at *3.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant University of Missouri's motion to dismiss is **GRANTED**. Doc. No. 15. Plaintiff's claims against the University of Missouri are **DISMISSED without prejudice**.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of April, 2024.